IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. BANK NATIONAL ASSOCIATION,  §
AS TRUSTEE FOR CITIGROUP  §
MORTGAGE LOAN TRUST INC.,  §
ASSETT-BACKED PASS THROUGH  §
CERTIFICATES, SERIES 2006-AMC1,  §
  §
     Plaintiff,  §
  §
v.  §  Civil Action No. **3:10-CV-2440-L**
  §
**JOSEPH RUDD AND ALL OCCUPANTS**,  §
  §
     Defendants.  §

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion to Remand, filed January 5, 2011. No response was filed to the motion. After careful consideration of the motion, memorandum in support, record, and applicable law, the court **grants** Plaintiff's Motion to Remand.

## I.    Background

On October 14, 2010, U.S. Bank National Association, as trustee for Citigroup Mortgage Loan Trust Inc., Asset-Backed Pass Through Certificates, Series 2006-AMC1, ("Plaintiff" or "U.S. Bank") filed an action against Joseph Rudd ("Defendant" or "Rudd") for forcible detainer under Chapter 24 of the Texas Property Code in the Justice of the Peace Court, Precinct 2, Place 1, Dallas County, Texas. U.S. Bank sought possession of the property ("the Property") located at 1549 Meandering Way, Garland, Texas, Dallas County, Texas. U.S. Bank states that the Justice of the Peace entered judgment in its favor and awarded possession of the Property to it. Although neither Plaintiff nor Defendant included a copy of the justice court's judgment making such award, the court

accepts that such a judgment was entered because (1) the record indicates that the justice court's judgment was appealed to County Court at Law No. 3, (2) a trial was set for December 2, 2010, in the County Court, and (3) one normally does not appeal a judgment unless it is adverse. No trial took place in County Court at Law No. 3 because Rudd removed the action to federal court on December 1, 2010, contending that diversity of citizenship existed between the parties and that the amount in controversy exceeded $75,000, exclusive of interest and costs.

Plaintiff seeks a remand to state court. It contends that this action should be remanded because (1) Defendant is citizen of the forum state; (2) Defendant has failed to establish that the amount in controversy exceeds $75,000; and (3) Defendant invoked the jurisdiction of the state court prior to removal.

## II.     Subject Matter Jurisdiction Standard

### A.     Arising Under

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.; Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court has an independent duty, at any level of the proceedings, to determine

whether it properly has subject matter jurisdiction over a case. *See Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*"). As Defendant did not assert a federal question as the basis for removal, the court will not address it further.

## B. Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), *cert. denied*, 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). A partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The citizenship of a limited liability

company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-66 (1980) (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465. A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (emphasis in original). The test to be used by the district court is "whether it is more likely

than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at

1336. As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to

determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount. If it is

not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount

in controversy." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnotes omitted). If a defendant fails

to establish the requisite jurisdictional amount, the court must remand the case to state court. If a

defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a

plaintiff can establish that it is "legally certain that his recovery will not exceed" the jurisdictional

threshold. *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.

*Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden

of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."

*St. Paul Reinsurance*, 134 F.3d at 1253. Accordingly, if a case is removed to federal court, the

defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in

federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law,

or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

III.     Analysis

        A.     The In-State Defendant

The statute that governs removal of cases in general is 28 U.S.C. § 1441. The relevant

provision of the statute provides:

> Any civil action of which the district courts have original
> jurisdiction founded on a claim or right arising under the
> Constitution, treaties or laws of the United States shall be removable
> without regard to the citizenship or residence of the parties. Any

other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Although this statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought. *Id.*; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985). U.S. Bank establishes that Rudd is a citizen of Texas, and it contends that he therefore may not remove this action. In this case, however, U.S. Bank may not raise this statutory provision as a basis for remand because it has waived its right to object to removal on this ground. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[T]he presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal." *Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citations omitted). "[A]" motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant." *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (citation omitted). Rudd removed this action on December 1, 2010, and Plaintiff filed its motion to remand on January 5, 2011, 35 days after the action was removed from state court. Accordingly, it is undisputed that Plaintiff failed to challenge the removal in a timely manner, and it has, therefore, waived its right to object to the removal on grounds that Rudd is an in-state or local defendant.

### B. Invoking State Court's Jurisdiction

This waiver also applies to U.S. Bank's argument that Rudd waived his right to remove to federal court by appealing to County Court at Law No. 3 and attempting to defend the adverse

judgment rendered by the justice court. A defendant can waive the right to remove to federal court

if it "proceed[s] to defend the action in state court or otherwise invoke[s] the processes of that

court." *Brown v. Demco*, 792 F.2d 478, 481 (5th Cir. 1986). "The waiver must be clear and indicate

a specific, positive intent to proceed in state court." *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d

574, 576 (E.D. Tex. 2000) (citation omitted). The affirmative step taken by Rudd to appeal the

adverse judgment falls into the category of a procedural defect, as it is not based on the court's

jurisdiction to hear the case. Because U.S. Bank did not object to the removal within thirty days

after its filing on the basis that Rudd was a Texas citizen, U.S. Bank has waived the right to have

the action remanded on this basis.

### C. Amount in Controversy

With respect to the amount in controversy, Defendant states that it has been met because

"[t]he subject real property has a current fair market value of $115,000.00[,] according to the Dallas

County Appraisal District," and that the amount in controversy is to be determined by "the value of

the object of the litigation." Notice of Removal ¶ III (a)(i), (ii). Plaintiff's pleadings are silent as

to the amount in controversy; and Defendant makes only a conclusory and unsupported statement

regarding the amount in controversy. He does not produce any evidence that the amount in

controversy likely exceeds $75,000. In any event, the amount in controversy is not the value of the

property itself but the value of the right to occupy the Property. *See Ezon v. Cornwall Equities Ltd.*,

540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902),

*aff'd*, 191 U.S. 559 (1903)). Rudd, at this juncture, is a tenant at sufferance in wrongful possession

of the Property, and he has provided *no* evidence to establish the value of his right to occupy the

Property.  The court therefore determines Rudd has not met his burden that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**IV.**    **Conclusion**

For the reasons herein stated, the court lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Plaintiff's Motion to Remand and **remands** this action to County Court at Law No. 3, Dallas County, Texas, pursuant to 28 U.S.C. § 1447(c).  The clerk of the court shall effect this remand in accordance with the usual procedure.

**It is so ordered** this 7th day of February, 2011.

Sam A. Lindsay
United States District Judge